FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

2014 APR 17  A 10: 12

Alexandria Division

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Michael Lee | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 1:14-CV-00418 (JCC/TRJ) |
| Alexey Kremnev | ) |
|     Ul. Lenina, dom 12 | ) |
|     141103 Moscow Area | ) |
|     Poselok Chkalovski | ) |
|     Russia | ) |
|     l-eto2007@yandex.ru | ) |
|     Defendant. | ) |

In Re: MLA.COM

## Complaint

Comes Now Plaintiff Michael Lee, by counsel, and files this complaint against Alexey Kremnev.

I. The Parties

1.  Plaintiff, Michael Lee (hereinafter "Lee") is an individual and resident of Chicago, Illinois.

2.  Upon information and belief Alexey Kremnev is a resident of Russia, as set forth on the WHOIS registry, and resides at Ul. Lenina, dom 12, 141103 Moscow Area, Poselok Chkalovski, Russia, l-eto2007@yandex.ru.

3.  The subject domain name, the *res* of this *in rem* action is MLA.COM for which the registry is Verisign, Inc., 21355 Ridgetop, Circle - Lakeside III, Dulles, Virginia 20166 which is located in this judicial district.

1

## II. Jurisdiction and Venue over the Subject Matter of this Action

4.  This Court has *in rem* jurisdiction over the subject domain pursuant to the Anticybersquating Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d) insofar as the registry for the .COM domain names, Verisign, Inc., is located within this judicial district.

5.  This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the Plaintiff is a citizen of the State of Illinois, the Defendant is, upon information and belief, a citizen of Russia, and the value of the property in controversy exceeds $75,000, exclusive of interest and costs.

6.  Venue is proper in this district pursuant to 15 U.S.C. § 1125(d) as the subject registry Verisign, Inc. has its principal places of business in this judicial district. Venue is further proper pursuant to 28 U.S.C. 1391 (a)(2) as the subjects of the action resides in this district.

7.  The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff in this matter.

## III. Notice

8.  Pursuant to ACPA § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint and application for injunctive is being sent to the Defendant at the postal and email address to which there has previously been a response which is also the current WHOIS address on the subject domain name which is Alexey Kremnev, Ul. Lenina, dom 12, 141103 Moscow Area, Poselok Chkalovski, Russia, l-eto2007@yandex.ru.

2

9. Plaintiff is providing such notice contemporaneously with the filing of this complaint. Pursuant to 15 U.S.C. §1125(d)(2)(A)(ii)(II)(bb), Plaintiff will promptly publish notice of this action as the court may direct after filing of this Complaint. A request to waive service pursuant to Rule 4(d) of the Federal Rules of Civil Procedure is being sent as well.

## IV. Factual Background

10. Lee registered the domain name MLA.COM on September 2, 1997 and has owned it ever since.

11. The theft of MLA.COM occurred in May of 2013, when Lee's account at GoDaddy was compromised.

12. On May 17, 2013 GoDaddy sent an email to Mlee@mla.com indicating a change in the status of the domain. Lee emailed his service provider, Ravi Jain asking him to check into the status of his domain.

13. Mr. Jain contacted GoDaddy the same day and was connected to a representative who assisted him in restoring the account information that was changed, namely the contact email address from dalifeda@mail.com back to Mlee@mla.com. He then changed the account password. The GoDaddy representative informed Lee that he had relocked the domain.

14. After that call, Lee noticed that his emails to mlee@mla.com were bouncing. Lee tried to log in to the account again to see if he could diagnose the problem, but the new password Lee had created was not accepted and he assumed that GoDaddy's system was still refreshing from the previous changes.

15. Lee called Mr. Jain soon after and informed him that he was no longer receiving emails from his address at mlee@mla.com, nor could he verify that emails sent using that address were being received.

3

16. Mr. Jain again attempted to login to the account on GoDaddy's website but failed, finding that Mr. Lee's GoDaddy pin code for access to the account and for phone verification had been changed.

17. Using the last 6 digits of Mr. Lee's credit card on file with GoDaddy over the phone, he was directed by another GoDaddy representative to an online form which he was told would provide verification of Mr. Lee's identity and thus providing access to the account.

18. Lee filled out the form, but by that point the domain name MLA.COM had been transferred to Internet.bs.

19. Mr. Jain again contacted GoDaddy and he was directed to send an email to undo@godaddy.com which he did and then another online form which he filled out.

20. The domain name MLA.COM was not returned. GoDaddy was unwilling to pull the domain back as they claimed that the transfer to Internet.bs had been initiated by the mlee@mla.com email address.

21. Lee continued to attempt to obtain the return of his domain name MLA.COM by contacting the gaining registrar. On June 5, 2013 Lee received an email from someone claiming to be a Russian going by the name of Alexey Kremnev with an email of l-eto2007@yandex.ru who claimed to have bought the domain name MLA.COM from Mr. Lee for $27,000.

22. Lee did not sell the domain to Kremnev, or anyone else, and received no payment. The payment agent claimed to have been used by Mr. Kremnev, Liberty Reserve (LIBERTYRESERVE.COM), has been shut down and the domain name seized by the United States Global Illicit Financial Team.

23. Mr. Lee retained the Law Offices of Greenberg & Lieberman on June 11, 2013 to investigate the transfer and recover his domain.

24. On June 18, 2013 Mr. Lieberman emailed a GoDaddy representative asking them to check the IP addresses of the current 'registrant' of the domain name indicating that he would like to see the IP address of the person who transferred the domain name. GoDaddy stated that although the account was owned by Mr. Lee they would not provide the IP address of the transferor, whom they were claiming was Mr. Lee, without a subpoena. Mr. Lieberman requested that GoDaddy compare IP addresses with Internet.bs and was told that GoDaddyy did not have a relationship with Internet.bs and therefore could not do so.

25. On June 23, Internet.bs stated that it would cooperate via the Inter registrar dispute process, but that GoDaddy would have to initiate the matter as the losing registrar.

26. Mr. Lieberman continued to make calls and send emails and eventually received a letter from Nicholas Beizer, Associate general counsel for litigation at GoDaddy wherein he essentially stated that (a) the transfer was appropriate as per Godaddy's terms of services and (b) it was Internet.bs that was not being cooperative.

27. On August 7, 2013 Mr. Lieberman initiated a TDRP complaint pertaining to the theft of the domain name with ICANN as well as complaining about the actions or lack thereof, of both GoDaddy and Internet.bs.

28. On September 4, 2013 ICANN closed the complaint stating there was nothing it could do.

## IV. Causes of Action

### Count I
### Claim for Declaratory Judgment

29. Lee repeats and realleges all previous statements made herein of this Complaint as if fully set forth herein.

30. Plaintiff had a contract with GoDaddy for many years for control over MLA.COM

31. Defendant's actions have taken control of the subject domains from Lee.

32. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff in this matter.

### Count II
### Consumer Protection Act (ACPA), 15 U.S.C. § 1114(2)(d)

33. Lee repeats and reallege all previous statements made herein of this Complaint as if fully set forth herein.

34. Lee has owned the domain name MLA.COM since its registration, has used it to promote his business Michael Lee & Associates for many years and has common law rights in the mark

35. Lee, because of the Defendant's actions is being prevented from using and exercising control over the subject domain name.

36. Lee is being harmed through the loss of prospective traffic to his business.

## Count III
### Tortuous Interference with Contractual Relationship

37. Lee repeats and reallege all previous statements made herein of this Complaint as if fully set forth herein.

38. Lee properly entered into a contract with GoDaddy, the registrar for MLA.COM before the domain name was stolen.

39. The Defendant has unlawfully taken control of the subject domain name, interfering with Lee's lawful contract rights as to MLA.COM.

40. As a result of the Defendants acts, Lee has been damaged and will continue to be damaged. Lee requests that this Court declare Defendant liable for Lee's past and any future losses in association with the registration service contract.

## Count IV
### Conversion

41. Lee repeats and reallege all previous statements made herein of this Complaint as if fully set forth herein.

42. Lee has property rights in the subject domain name.

43. The Defendant has taken control of the subject domain name and is wrongfully exercising control and authority over the subject domain name.

44. The control and authority exercised by the Defendant deprives Lee of control and the income and business generated from the domain name.

45. The Defendant is wrongfully exerting dominion over Lee's property in denial of his rights.

WHEREFORE, The Plaintiff demands judgment against the Defendant, as follows:

I. Declaring that Michael Lee is the only entity with any rights to the contract controlling the subject domain name; and

II. Declaring that the Defendant has no rights to the subject domain name.

III. ORDERING Verisign to return control of the domain name MLA.COM to Michael Lee.

IV. Granting such other and further relief to Plaintiff Lee as this Court deems just and proper.

Dated: April 17, 2014

Respectfully Submitted

Michael Lee
By Counsel

Jonathan Westreich, Esq.
VSB No. 37393
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050
fax: 703-548-1831
jonathan@westreichlaw.com

and

Stevan Lieberman, Esq.
Greenberg & Lieberman, LLC
2141 Wisconsin Ave., NW Suite C2
Washington, D.C. 20007
(202) 625-7000
Fax: 202-625-70001
Stevan@aplegal.com